MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
MATTHEW L. MCCARTHY (CABN 217871)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: kevin.barry@usdoj.gov
        matthew.mccarthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 13-515 CRB |
|    Plaintiff, ) | |
| v. ) | [PROPOSED] ORDER GRANTING MOTION FOR DETENTION |
| PATRICK STEPHEN PEARMAIN, ) | |
|    Defendant. ) | |

On July 24, 2013, at 1:00 p.m., the parties appeared before the Court for a hearing on the government's motion for the detention of Defendant Patrick Stephen Pearmain pending trial. The Court has reviewed and considered the following materials: (1) the papers filed in this case, including the Complaint, the Affidavit of Special Agent Andrew Jensen in support of the Complaint, the government's Memorandum in Support of Motion for Detention; (2) the report prepared by Pretrial Services; and (3) arguments by counsel for the government and by counsel for the defendant made during the July 24, 2013 hearing.  After careful deliberation, the Court

makes the following determination:

Under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, there is a presumption that a defendant should be detained pending trial in cases where there is probable cause to believe that the defendant committed a drug trafficking offense that features a maximum term of imprisonment of ten years or more. Here, the defendant is charged with violations of 21 U.S.C. §§ 846 and 861, both of which carry maximum terms of imprisonment of life. Accordingly, the Court finds that the presumption of detention applies in this case. Furthermore, for the reasons set forth below, the Court finds that the defendant has not rebutted the presumption in favor of detention.

Specifically, the Court finds that the government has shown by clear and convincing evidence that, should he be released, the defendant poses a danger to the community and to other persons, and that there exists no reasonable combination of conditions that would sufficiently mitigate this danger. In reaching this conclusion, the Court finds the following:

- The defendant was found by law enforcement officers with a 15 year-old girl in a hotel in West Sacramento, California.
- Officers found condoms and a pregnancy test in the hotel room.
- When found, the 15 year-old girl was naked but for a towel, and had apparently just gotten out of the shower.
- Officers also found a notebook containing what appears to be a script for the 15 year-old girl to use when she called law enforcement along with information about growing marijuana.
- Officers also found a pre-paid "buy and burn" cellular phone that was used by the 15 year-old girl to call law enforcement and tell them that she was "ok."
- During the course of the charged conspiracy, the defendant sexually abused the 15 year-old girl.
- The defendant's sexual abuse of the 15 year-old girl included oral copulation and sexual intercourse.

- The defendant imprisoned the 15 year-old girl in a 4' x 2' x 2' metal box on two occasions for a total of three days.
- The defendant was present in the marijuana growing operation on co-defendant Balletto's property with the 15 year-old girl.
- The defendant removed the girl from the property and took her to West Sacramento in order to avoid apprehension by law enforcement.

Moreover, the government has shown by a preponderance of the evidence that the defendant poses a risk of flight and that there exists no condition or reasonable combination of conditions that would sufficiently mitigate this danger. In reaching this conclusion, the Court finds the following:

- The defendant is charged with offense that, if convicted, would result in a sentence of a mandatory minimum term of 10 years and up to lifetime imprisonment.
- The defendant was present in the marijuana growing operation on co-defendant Balletto's property with the 15 year-old girl.
- The defendant removed the girl from the property and took her to West Sacramento in order to avoid apprehension by law enforcement.

Therefore, the government's motion for detention is hereby GRANTED, and the Court ORDERS that the defendant be remanded to the custody of the U.S. Marshals pending trial.

IT IS SO ORDERED.

Dated: August 6, 2013

HON. NANDOR J. VADAS
United States Magistrate Judge